UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 5-22-M |
| | ) |
| COSME SANCHEZ-RAMIREZ, | ) |
| | ) |
| Defendant | ) |

**FINDINGS AFTER COMPETENCY HEARING**

**Procedural Background**

Cosme Sanchez-Ramirez was arrested on April 14, 2005. He appeared in front of me the following day. The Government moved for his detention at the initial appearance. I continued the matter for detention hearing and preliminary examination to be held on April 19, 2005. At that hearing his court appointed attorney moved for a psychiatric examination, expressing concern about Sanchez-Ramirez's competence to proceed. I stayed hearing on the issue of detention and the preliminary examination and granted the motion for psychiatric examination on April 22, 2005.

In accordance with my Order for Examination the defendant was taken to Fort Devens, Massachusetts, on May 5, 2005. He remained hospitalized there under evaluation until June 20, 2005. Then it took another ten days before he was returned to Maine, arriving back here on approximately July 1, 2005. The written evaluation (dated July 11, 2005) was provided to the court on July 15, 2005. On that date I instructed the clerk to set the matter for a competency hearing on the first available date. It was set for hearing today, August 2, 2005.

On July 28, 2005, the clerk received a letter, purportedly sent by Sanchez Ramirez,[1] questioning why he had not been returned to court for a further hearing and asking for assistance with the interpretation of his legal documents.  Two days prior to that letter, the clerk had received an unopposed motion to continue the competency hearing filed by defendant's attorney.  Defendant's attorney also sought authorization for $3,600.00 to have an "independent" evaluation conducted by an examiner from the Portland, Maine, area.  I denied the request for a continuance and took no action on the request for expert assistance, as it appeared to me that it was appropriate to proceed with a hearing on the preliminary issue of competence to proceed rather than expend additional funds to obtain a "second opinion" at this stage of the proceedings.  I have, therefore, not acted upon the request for additional funds.

I held the competency hearing on August 2, 2005, and following the hearing indicated on the record that based upon the available evidence I was persuaded that the defendant was legally competent to proceed.  I therefore instructed the clerk to schedule the Government's motion for detention (Docket No. 6) and the preliminary examination for hearing within 48 hours.  I now make the following findings regarding the competence of the defendant.

**<u>Competency Findings</u>**

I heard testimony from Dr. Christine Scronce, forensic psychologist, regarding her forty-five day evaluation of the defendant.  Her written report (Gov't. Ex. 2) is part of the record.  I found her testimony highly credible and incorporate the written findings she

---

[1] I say purportedly sent by the defendant because the letter bears his name and came from the Cumberland County Jail where he is currently housed.  When I attempted to question the defendant about the letter his counsel objected and asserted a Fifth Amendment privilege on behalf of the defendant.  I did not press the issue but marked the letter as a court exhibit and made it part of the record.  In the absence of evidence to the contrary, I have treated the letter as being authored by the defendant.

2

made in her report into my own findings. While Dr. Scronce was not able to rule out the possibility that Sanchez-Ramirez may well suffer from some form of mental illness, she did find that he had a competent understanding of the nature of the proceedings and that he was keenly interested in participating in the defense of his case. His conversations with Dr. Scronce were all indicative of an individual who understood the process quite well. By way of example, when she discussed the defendant's relationship to his counsel, Sanchez-Ramirez was able to retrieve CJA court appointed counsel's card from his wallet. He was able to articulate advice and information he had received from his attorney, as well as explain his own grasp of the nature of legal proceedings.

My own personal observations of Sanchez-Ramirez were somewhat curtailed because counsel would not allow him to answer any inquiry on my part. However, I observed Sanchez-Ramirez's demeanor throughout a hearing lasting over two hours. At all times he was appropriate in appearance and in actions. When counsel instructed him not to respond to my questions, the defendant was compliant with the instructions of counsel. Furthermore, as Dr. Scronce was testifying she could not find the defendant's date of birth in her records in response to a question by defense counsel, and Sanchez-Ramirez appropriately volunteered that he was 41 years of age. That fact suggested to me that he was following the proceedings.

Additionally, the court received the letter from Sanchez-Ramirez. It is well written and supports the independent testimony I elicited from Dr. Scronce verifying the defendant is fluent in English. His letter also demonstrates that defendant has a grasp of the legal process and understands how his case should be proceeding through the legal system. I recognize that defendant's counsel objected to the court marking the letter as

3

an exhibit, claiming that there was inadequate foundation and identification for its admissibility. However, I do not think that the court can ignore this correspondence that appears to have been sent to us by the defendant and accurately portrays the current posture of his case. While not the decisive factor in my decision, it is certainly part of the matrix of facts that I have considered in assessing the defendant's competence to proceed.

Based upon the totality of the circumstances I am more than satisfied the defendant is competent to proceed with a preliminary examination and detention hearing. He is motivated to assist counsel and understands the nature of the proceeding.

*So Ordered*.

Dated August 2, 2005

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge