UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR-05-71-B-W |
| ) | |
| COSME SANCHEZ-RAMIREZ ) | |

**ORDER ON GOVERNMENT'S MOTION *IN LIMINE***

Cosme Sanchez-Ramirez seeks to generate a defense of insanity based solely on his own testimony about his mental processes at the time of the alleged crimes. Concluding that Mr. Sanchez-Ramirez's testimony, without more, is insufficient to generate the defense of insanity, this Court grants the Government's motion *in limine* to exclude the insanity defense.

**I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On September 13, 2005, Cosme Sanchez-Ramirez was indicted on one count of felony possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e), one count of making a false statement in connection with the attempted acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6), and one count of making a false claim of citizenship in violation of 18 U.S.C. § 911. *Indict.* (Docket # 31). He was arraigned before United States Magistrate Judge Kravchuk on October 17, 2005 and pleaded not guilty to all counts. (Docket # 49). Just prior to arraignment, Mr. Sanchez-Ramirez filed notice pursuant to Fed. R. Crim. P. 12.2, expressing his intent to "(1) pursue an insanity defense and (2) introduce expert testimony relating to a mental disease or defect or any other

mental condition of the defendant bearing on the issue of guilt." *Def.'s Rule 12.2 Not. Regarding Insanity Defense and Testimony* at 1 (Docket # 48).[1]

The Government now moves *in limine* to preclude Mr. Sanchez-Ramirez from asserting the insanity defense at trial. *Mot. in Limine to Exclude Insanity Defense* (Docket # 84). On May 16, 2006, this Court conducted a hearing to determine whether Mr. Sanchez-Ramirez could produce the quantum of evidence necessary to generate the defense. Neither Mr. Sanchez-Ramirez nor the Government submitted any evidence. At the hearing, Mr. Sanchez-Ramirez argued that his own testimony is sufficient to generate the defense of insanity and he confirmed that he does not intend to introduce any expert or other lay witness testimony. Specifically, Mr. Sanchez-Ramirez, through counsel, proffered the following testimony: "At the time of the alleged incident, I was suffering from command auditory hallucinations, which resulted in my inability to appreciate the nature and quality or wrongfulness of my acts."

## II. THE STANDARD OF PROOF

The defense of insanity is an affirmative defense and requires a defendant to prove "by clear and convincing evidence" that "at the time of the commission of the . . . offense" (1) he "was unable to appreciate the nature and quality or the wrongfulness of his acts" and (2) that his inability to do so was "as a result of a severe mental disease or defect." 18 U.S.C. § 17.[2] Traditionally, a defendant who asserted the defense of insanity

---

[1] On January 13, 2006, Mr. Sanchez-Ramirez moved for approval of fees for a Spanish-speaking psychologist. *Def.'s Ex Parte Mot. for Approval of Fees for Spanish Speaking Psychologist* (Docket # 66). This Court granted the motion on January 18, 2006 and Dr. Martinez performed a psychological evaluation of Mr. Sanchez-Ramirez. (Docket # 67). Dissatisfied with Dr. Martinez's report, on March 31, 2006, Mr. Sanchez-Ramirez filed a motion for approval of funds for a second opinion from a Spanish-speaking psychologist. (Docket # 78). Explaining that Mr. Sanchez-Ramirez has a right to an expert evaluation, but not a particular expert opinion, this Court denied the motion. (Docket # 80, 81).

[2] 18 U.S.C. § 17 provides:

was entitled to a jury instruction thereon "if there [was] some evidence supporting the claim of insanity . . . . This means only slight evidence." *Blake v. United States*, 407 F.2d 908, 911 (5th Cir. 1969) (en banc); *see also United States v. Hartfield*, 513 F.2d 254, 259 (9th Cir. 1975) (a defendant need only "offer[] some evidence to raise the issue of insanity" and shift the burden to the government to prove sanity beyond a reasonable doubt). When Congress enacted § 17 as part of the Insanity Defense Reform Act of 1984, however, it "redefined insanity and gave defendants the burden of proving insanity by 'clear and convincing evidence.'" *United States v. Owens*, 854 F.2d 432, 434 (11th Cir. 1988) (quoting 18 U.S.C. § 17(b)).

The Eleventh Circuit was the first to address the quantum of evidence, under § 17(b), necessary to generate the insanity defense. It held in *Owens* that "a federal criminal defendant is due a jury instruction on insanity when the evidence would allow a reasonable jury to find that insanity has been shown with convincing clarity." *Id.* at 435. In adopting this standard, *Owens* emphasized that district courts must construe the evidence in a light most favorable to the defendant and that the "clear and convincing" standard "does not call for the highest levels of proof." *Id.* at 435-36. Rather, *Owens*

---

(a) Affirmative Defense. – It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

(b) Burden of Proof. – The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

Congress amended § 17 and FED. R. EVID. 704(b) following the assassination attempt on the life of President Reagan to restrict the definition of insanity, to place the burden of proving the defense of insanity on the defendant, to heighten the standard to clear and convincing, and to limit the scope of expert testimony. *United States v. Freeman*, 804 F.2d 1574, 1575 (11th Cir. 1986); *United States v. Hill*, 750 F. Supp. 524, 526-27 (N.D. Ga. 1990).

concluded that an insanity instruction is required "[i]f [the] evidence would permit the jury to find to a high probability that [the] defendant was insane." *Id.* at 436.

Although the First Circuit has not directly addressed this question,[3] every circuit court having considered it has adopted the *Owens* standard. *See United States v. Dixon*, 185 F.3d 393, 403-04 (5th Cir. 1999); *United States v. Gant*, Nos. 95-5091 and 95-5178, 1996 WL 13929, at *3 (4th Cir. Jan. 12, 1996) (per curiam) (unpublished opinion) (insanity defense only generated "if the evidence would permit the jury to find by a high degree of probability that [the defendant] was insane"); *United States v. Long Crow*, 37 F.3d 1319, 1323-25 (8th Cir. 1994); *United States v. Denny-Shaffer*, 2 F.3d 999, 1015-16 (10th Cir. 1993); *United States v. Whitehead*, 896 F.2d 432, 435 (9th Cir. 1990).  This Court will follow the *Owens* standard and permit Mr. Sanchez-Ramirez to assert the insanity defense if the evidence, viewed in a light most favorable to him, "would allow a reasonable jury to find that insanity has been shown with convincing clarity." *Owens*, 854 F.2d at 435.

## III. DISCUSSION

The Government argues that the insanity defense is unavailable to Mr. Sanchez-Ramirez for two reasons.  First, it contends that "[t]he inquiry into what is a mental disease or defect and what is severe requires an expert opinion." *Mot. in Limine to Exclude Insanity Defense* at 2 (Docket # 84).  Second, the Government posits that expert

---

[3] In *United States v. Cartagena-Carrasquillo*, 70 F.3d 706, 712 (1st Cir. 1995), the First Circuit cited *Whitehead* in upholding a trial court decision to exclude the insanity defense. *Cartagena-Carrasquillo* addressed whether a defendant could properly assert the insanity defense based on a psychiatrist's opinion that he was suffering from post traumatic stress disorder.  The First Circuit reviewed the proffered expert opinion and concluded it was "inadequate to establish that as a result of his PTSD Lugo-Lopez was 'unable to appreciate the nature and quality or the wrongfulness of his acts.'" *Id.* (quoting 18 U.S.C. § 17(a)). *Cartagena-Carrasquillo* suggests that the First Circuit would adopt the *Owens* standard.  Further, if, as it concluded, a general opinion from a psychiatrist is inadequate to raise the insanity defense, the testimony of the defendant alone without any expert evidence would seem equally inadequate.

evidence is necessary to establish causation, *i.e.*, "'whether the mental state as the defendant describes it, if believed, can scientifically be attributed to the severe mental disease or defect.'" *Id.* (quoting *United States v. Meader*, 914 F. Supp. 656, 659 (D. Me. 1996)).

*Meader*, like this case, involved a motion *in limine* to determine whether the defendant could produce evidence sufficient to generate the insanity defense. 914 F. Supp. at 657. The defendant in *Meader* had proferred expert testimony that there was a "very high probability" that he suffered from a severe mental disease or defect at the time of the alleged offenses. *Id.* at 658. This same expert, however, did not conclude that the mental disease or defect prevented the defendant from understanding the nature and quality of his acts. *Id.*

In *Meader*, Judge Hornby illuminated the murky relationship between statutory requirements for an insanity defense and evidentiary restrictions on expert testimony. *Compare* 18 U.S.C. § 17(a), *with* FED. R. EVID. 704(b) (prohibiting an expert from expressing "an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto").[4] Judge Hornby agreed that the expert could not "testify on whether Meader could appreciate the nature and quality or wrongfulness of his acts, but that does not prevent Meader from testifying." *Id.* at 659. The defendant could testify that "at the time [he committed the crimes] he did not . . . understand the nature and quality or wrongfulness of what he was doing" and the jury would be free to "disbelieve or believe

---

[4] FED. R. EVID. 704(b) provides: "No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone."

that testimony." *Id.* The expert could then testify whether "what Meader described could, if believed, be explainable by the psychosis." *Id.* Judge Hornby noted that if the expert testified that the defendant's symptoms could not be caused by the psychosis, he would "exclude the insanity defense because it was not medically supportable." *Id.*

Consistent with *Meader*, the Ninth Circuit in *United States v. Keen*, 96 F.3d 425, 430-31 (9th Cir. 1996) upheld a district court's decision to strike an insanity defense where a defendant sought to introduce only his own testimony and the testimony of family members without expert corroboration. The district judge had concluded:

> [Lay] testimony can only lead to an impermissible finding, that they might speculate that he might be insane. And you can't argue that he is insane from that standpoint of view . . . . [U]nless someone summarizes all of this testimony, and can give a medical opinion, or scientific expert can give such a medical opinion, then this testimony can only lead to impermissible inference.

*Id.* at 430. Although *Keen* expressly reserved the question of whether lay opinion alone can ever support a finding of insanity, it determined that in that case, even if the jury agreed that the defendant had a mental disease or defect, based on his own testimony, it would have no basis for determining "the effect that this condition had upon his ability to appreciate the nature of his actions . . . ." *Id.* at 431. *Keen* focused on the need for expert testimony to address the causation element of the insanity defense – not merely to prove the existence of a severe mental disease or defect, but also to prove that this condition caused the defendant to be unable to appreciate the nature and quality or wrongfulness of his acts.

As in *Meader* and *Keen*, it is unnecessary to decide whether a defendant's testimony standing alone can ever sustain an insanity defense. Here, the proffered testimony is insufficient. Mr. Sanchez-Ramirez's testimony, even if believed, is only that

he was suffering from command auditory hallucinations and that in his view this prevented him from appreciating the nature and quality or wrongfulness of his acts.[5] As posited, this testimony would require a jury to speculate about the cause of these symptoms, whether they represent a physical or mental condition, whether that condition fits the definition of mental disease or defect, if so, whether the disease or defect can be deemed severe, and whether his mental state was caused by the severe mental disease or defect.

In sum, he cannot satisfy his significant burden of proof under *Owens* simply by telling the jury it is so. Without an expert to testify "about what is a mental disease or defect and what is severe," he cannot satisfy this requirement, since such matters are "not within the experience of ordinary jurors." *Meader*, 914 F. Supp. at 659. Without expert testimony on causation, he cannot sustain his burden on the second element for the same reason. *Id.* Even considering the evidence in a light most favorable to Mr. Sanchez-Ramirez, this Court concludes that he has not offered evidence sufficient to "allow a reasonable jury to find that insanity has been shown with convincing clarity." *Owens*, 854 F.2d at 435.

## IV. CONCLUSION

This Court GRANTS the Government's Motion *in Limine* to Exclude Insanity Defense (Docket # 84).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2006

---

[5] If there is insufficient evidence of insanity, courts routinely withdraw the issue from the jury's consideration. *See Leach v. Kolb*, 911 F.2d 1249, 1256-57 (7th Cir. 1990) (collecting cases).