UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-71-B-W |
| | ) | |
| COSME SANCHEZ-RAMIREZ | ) | |

**ORDER ON DEFENDANT'S MOTION TO RECONSIDER AND
DEFENDANT'S SECOND MOTION FOR MENTAL EXAMINATION,
REPORT AND HEARING TO DETERMINE COMPETENCY**

On May 22, 2006, this Court issued an order granting the Government's motion *in limine* to exclude the insanity defense from Defendant Cosme Sanchez-Ramirez's trial. *Order on Govt.'s Mot. in Limine* (Docket # 97). Mr. Sanchez-Ramirez filed a motion to reconsider that order on May 26, 2006, and the Government responded on May 31, 2006. *Def.'s Mot. to Reconsider Order on Govt.'s Mot. in Limine* (Docket # 102); *Govt.'s Resp. to Def.'s Mot. to Reconsider* (Docket # 108). Mr. Sanchez-Ramirez's motion to reconsider was premised on three grounds: (1) the order's allegedly improper disclosure of *ex parte* motions and hearings in footnote 1;[1] (2) Mr. Sanchez-Ramirez's contention that he should be permitted to testify regarding his mental state at the time of the alleged offenses to negate specific intent; and, (3) the order's allegedly detrimental effect on Mr. Sanchez-Ramirez's right to present a complete defense. *Def.'s Mot. to Reconsider Order on Govt.'s Mot. in Limine* (Docket # 102).

In addition to the motion to reconsider, Mr. Sanchez-Ramirez filed a fifth motion to continue the trial on May 31, 2006, and a second motion for psychiatric examination on June 5, 2006. *Def.'s Fifth Mot. to Cont. Trial* (Docket # 110); *Def.'s Second Mot. for Mental Exam., Report and Hearing to Determine Competency* (Docket # 113). This Court granted the motion to

---

[1] During a June 5, 2006 hearing, Mr. Sanchez-Ramirez withdrew his objection to the order's disclosure of *ex parte* motions and proceedings.

continue to give Mr. Sanchez-Ramirez an opportunity to "obtain admissible evidence pertaining to psychiatric treatment out of State." *Def.'s Fifth Mot. to Cont. Trial* (Docket # 110).

As his motion to continue implied, the precise nature of Mr. Sanchez-Ramirez's prior psychiatric treatment may have a direct bearing on the merits of the remaining motions. In particular, the Defendant's prior psychiatric treatment could affect his decision as to whether to press the issue of his mental state at the time of the incident. Further, the Defendant does not now possess the needed records and cannot be sure how long it will take to obtain them. If this Court were to order a second psychiatric evaluation without these records, the statutory time periods of 18 U.S.C. § 4241 would begin to run and would complicate the carrying out of the order. To this extent, the motions are premature. To give the Defendant an opportunity to evaluate the merits of these motions in light of whatever the treatment records reveal, this Court DISMISSES without prejudice (1) Defendant's Motion to Reconsider Order on Government's Motion in Limine (Docket # 102); and, (2) Defendant's Second Motion for Mental Examination, Report and Hearing to Determine Competency (Docket # 113).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of June, 2006