UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-71-B-W |
| | ) | |
| COSME SANCHEZ-RAMIREZ | ) | |

## ORDER ON GOVERNMENT'S SECOND MOTION *IN LIMINE*

On June 5, 2006, this Court granted the Defendant's fifth motion to continue his trial to give him an opportunity to "obtain admissible evidence pertaining to psychiatric treatment out of State." *Def.'s Fifth Mot. to Cont. Trial* (Docket # 110). On June 16, 2006, this Court dismissed without prejudice the Defendant's motion to reconsider this Court's May 22, 2006 order granting the Government's motion *in limine* to exclude the insanity defense from trial. *Order on Def.'s Mot. to Reconsider and Def.'s Second Mot. for Mental Exam., Report and Hearing to Det. Comp.* (Docket # 120). One ground upon which this Court dismissed the motion to reconsider was to give the Defendant an opportunity to evaluate whether, in light of whatever the treatment records reveal, he wishes to press the issue of his mental state at the time of the alleged offenses.[1] *Id.* at 2.

Prior to these orders, on May 31, 2006, the Government had filed a second motion *in limine* to preclude the Defendant from introducing any mental condition evidence with respect to count two of the indictment[2] and all "mental condition evidence that does not directly negate the

---

[1] The Defendant's motion to reconsider was premised, *inter alia*, on his contention that he should be permitted to testify regarding his mental state at the time of the alleged offenses to negate specific intent. *Def.'s Mot. to Reconsider Order on Govt.'s Mot. in Limine* at 3 (Docket # 102). This Court noted that the precise nature of the Defendant's prior psychiatric treatment could affect his decision as to whether to press the issue of his mental state at the time of the incident. *Order on Def.'s Mot. to Reconsider and Def.'s Second Mot. for Mental Exam., Report and Hearing to Det. Comp.* at 2 (Docket # 120).

[2] The Government seeks to preclude any mental-condition evidence with respect to count two on the ground that 18 U.S.C. § 922(a)(6) is a general and not a specific intent crime. *Govt.'s Second Mot. in Limine* at 2 (Docket # 109); *United States v. Brown*, 326 F.3d 1143, 1147 n.2 (10th Cir. 2003) ("The use of psychological or psychiatric

intent element of the crime charged in count three of the indictment." *Govt.'s Second Mot. in Limine* at 2-4 (Docket # 109).  At this time, however, Defendant does not yet have the records that will inform his decision whether to press the mental state issue.  As such, the Government's motion is premature.  Depending upon the Defendant's yet unreached strategic decision, the Government's motion may or may not be pertinent.  As of now, however, this Court cannot act on the merits of the Government's motion and therefore DISMISSES without prejudice the Government's Second Motion *in Limine* (Docket # 109).

      SO ORDERED.

                                        /s/ John A. Woodcock, Jr.
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2006

---

evidence to negate an element of the government's case is limited to offenses requiring proof of a specific intent."); *United States v. Cameron*, 907 F.2d 1051, 1063 n.20 (11th Cir. 1990) (stating that "[p]sychological evidence is relevant to *mens rea* only when the defendant is charged with a specific intent crime").