UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR-05-71-B-W |
| | ) | |
| | ) | |
| COSME SANCHEZ RAMIREZ, | ) | |
| | ) | |
| Defendant. | ) | |

### AMENDED[1] ORDER ON MOTION *IN LIMINE* TO EXCLUDE INSANITY DEFENSE
### AND MENTAL-CONDITION EVIDENCE

The Government moves *in limine* to exclude the Defendant's assertion of an insanity defense and any mental condition evidence. Concluding that the clinical psychologist's testimony may be sufficient to sustain an insanity defense, the Court denies the motion to exclude the defense.

**I. STATEMENT OF FACTS**

After being charged with three firearms violations, Cosme Sanchez Ramirez filed a Rule 12.2 Notice stating his intention to pursue an insanity defense and to introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing on the issue of guilt. *Def.'s Rule 12.2 Notice* (Docket # 48). On September 27, 2006, the Defendant provided the Government with a report of an expert describing that expert's opinion and the basis for that opinion.[2] The Government now moves

---

[1] This Amended Order corrects a typographical error contained in the original Order Denying Motion in Limine (Docket # 163). The error is on page 5 of the Order, third line from the bottom. It currently reads: "whether a severe mental disease or defect exits". It should read: "whether a severe mental disease or defect exists".

[2] More precisely, the Defendant produced a copy of Dr. Martinez's report, but not a complete set of underlying records. On October 2, 2006, the Government moved for an order compelling the production of those records.

*in limine* to exclude an insanity defense and any mental condition evidence.[3]  *Gov't Mot. to Exclude* (Docket # 144).

Angel R. Martinez, Ph.D. is a clinical psychologist.  He performed a psychological forensic evaluation on February 6 and February 10, 2006 and reduced his findings to a report dated August 29, 2006.[4]  After reviewing Mr. Sanchez Ramirez's extensive social, medical, substance abuse, criminal, and psychiatric history, Dr. Martinez opined that Mr. Sanchez Ramirez's "clinical presentation is often seen in individual[s] diagnosed with **Alcohol-Induced Psychotic Disorder with Hallucinations (291.3) DSM-IV-TR)**.  *Dr. Martinez Report* at 12 (Docket # 155) (bold in original).  The doctor wrote that "it is possible that he might not have understood the wrongfulness of his actions due to an alcohol-related psychosis."  *Id.* at 13.  He concluded that Mr. Sanchez Ramirez's mental disease or defect is severe.  *Id.*

In his memorandum, Attorney Bate further explicated Dr. Martinez's opinions.  He represented that Dr. Martinez "will testify that, to a reasonable medical certainty, Mr.

---

*Gov't Mot. for Disc.* (Docket # 135); the Defendant objected.  *Def.'s Resp. to Gov't Mot. for Disc.* (Docket # 136).  On November 2, 2006, Magistrate Judge Kravchuk granted the Government's motion.  *Report of Telephone Conference and Order* (Docket # 138).

[3] Following the filing of the Complaint, Mr. Sanchez Ramirez moved for a psychiatric examination, which was granted.  *Def.'s Mot. for Mental Examination* (Docket # 13); *Order Granting Mot. for Mental Examination* (Docket # 14).  Magistrate Judge Kravchuk held a competency hearing on August 2, 2005 and found him competent to stand trial.  *Findings After Competency Hr'g* (Docket # 21).  On January 13, 2006, the Defendant moved for an independent examination with a Spanish-speaking psychologist, which was granted.  *Def.'s Ex Parte Mot. for Approval of Fees for Spanish Speaking Psychologist* (Docket # 66, 67).  On April 14, 2006, the Government moved *in limine* to exclude the insanity defense and on May 22, 2006, this Court granted the motion on the ground that at that point the Defendant had produced no expert testimony.  *Gov't Mot. in Limine to Exclude Insanity Defense* (Docket # 84); *Order On Gov't Mot. In Limine* (Docket # 97).  On May 31, 2006, the Government moved again *in limine* to exclude mental condition evidence.  *Gov't Second Mot. In Limine* (Docket # 109).  This Court dismissed this motion on June 28, 2006, because the Defendant was still in the process of securing additional medical records, which were likely to have a bearing on whether he continued to assert the insanity defense.  *Order On Govt's Second Mot. In Limine* (Docket # 122).  The pending motion is the Government's third motion *in limine*. *Gov't Mot. In Limine to Exclude Insanity Defense and Mental Condition Evidence* (Docket # 144).

[4] The parties agreed that for purposes of this Order the Court may consider the contents of Dr. Martinez's report and the further factual assertions in Attorney Bate's opposition memorandum, the latter being essentially an offer of proof.  *Def.'s Resp. to Gov't Mot. to Exclude* (Docket # 155).

2

Sanchez-Ramirez suffered at the time of the incident from Alcohol-Induced Psychotic Disorder with Hallucinations, DSM-IV-TR 291.3, with underlying schizophrenic traits, both recognized as mental diseases by mental health professionals." *Def.'s Resp. to Gov't Mot. to Exclude* at 2. Dr. Martinez will testify that "the schizophrenic traits exist independently from alcohol consumption because, during periods of incarceration and presumed abstinence from alcohol, Mr. Sanchez-Ramirez exhibited schizophrenic traits and was placed on anti-psychotic medication by the institutions' medical staffs. Dr. Martinez also will testify that Mr. Sanchez-Ramirez's Psychotic Disorder with Hallucinations with underlying schizophrenic traits was severe at the time of the incident." *Id.*

Mr. Sanchez Ramirez has been charged in a three-count indictment: Count I alleges possession of a firearm by a felon, a violation of 18 U.S.C. § 922(g)(1); Count II alleges false statements in connection with the attempted acquisition of a firearm, a violation of 18 U.S.C. § 922(a)(6); and, Count III alleges a false claim of citizenship, a violation of 18 U.S.C. § 911.

## II. DISCUSSION

### The Insanity Defense and Voluntary Intoxication

A defendant who intends to assert an insanity defense "has the burden of proving the defense of insanity by clear and convincing evidence."[5] 18 U.S.C. § 17(b); *United States v. Owens*, 854 F.2d 432, 435 (11th Cir. 1988). Whether to permit Dr. Martinez to express his expert opinions on the Defendant's mental condition is analogous to whether the evidence would permit an insanity instruction to the jury. Here, *Owens* is instructive. The heightened

---

[5] This Court previously described the state of the insanity defense following the enactment of the Insanity Defense Reform Act (IDRA) of 1984. *United States v. Sanchez-Ramirez*, 432 F. Supp. 2d 145, 146-47 (D. Me. 2006). Although the First Circuit intimated that it would adopt the *Owens* standard, it has not directly addressed the question. *See United States v. Cartagena-Carrasquillo*, 70 F.3d 706, 712 (1st Cir. 1995); *Sanchez Ramirez*, 432 F. Supp. 2d at 147 n.3. In the absence of definitive precedent in the First Circuit, the Court has sought guidance from other circuits.

standard of clear and convincing evidence has a "corresponding effect on the judge when deciding to send the case to the jury…."  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986)).  An instruction on the insanity defense is required "when the evidence would allow a reasonable jury to find that insanity has been shown with convincing clarity." *Owens*, 854 F.2d at 435.  *Owens* cautioned, however, that even though the clear and convincing standard is "a fairly high one," it does not "call for the highest levels of proof.  If evidence would permit the jury to find to a high probability that defendant was insane, an insanity instruction is required."  *Id.* at 435-36.

Were the diagnosis straightforward, admissibility would be equally straightforward. Dr. Martinez arrived at a psychiatric diagnosis for the Defendant, a diagnosis recognized in the DSM-IV-TR.  He opined that the Defendant's mental condition fits the definition of mental disease or defect and that his mental condition was severe at the time of the alleged offenses.  Although neither the doctor's report nor the defense attorney's offer of proof expressly states that the doctor would testify that the Defendant's mental state at the time of the offense was caused by his severe mental disease or defect, it is a reasonable inference that he would do so.  The proffered testimony meets "the statute's two-pronged test" described in *United States v. Knott*:   "First, [the defendant] must establish that he suffered from a serious mental disease or defect at the time of the crime.  Second, his mental disease or defect must have prevented him from appreciating the nature and quality or wrongfulness of his acts." 894 F.2d 1119, 1121 (9th Cir. 1990) (citations omitted).

But, Mr. Sanchez Ramirez does not carry a simple diagnosis.  "Alcohol-Induced Psychotic Disorder with Hallucinations" raises difficult legal questions as to how to address a psychiatric condition where alcohol does not merely exacerbate an underlying mental

4

disease, but where the ingestion of alcohol may be part and parcel of the condition itself. When Congress enacted the IDRA, it addressed the question of whether voluntary intoxication could form the basis for an insanity defense: "The committee also intends that, as has been held under present case law interpretation, the voluntary use of alcohol or drugs, even if they render the defendant unable to appreciate the nature and quality of his acts, does not constitute insanity or any other species of legally valid affirmative defense." S. Rep. No. 225, 98th Cong., 1st Sess. 222, 225-26 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3407. As the Second Circuit commented, "[s]tatements of congressional intent are rarely so clear." *United States v. Garcia*, 94 F.3d 57, 62 (2d Cir. 1996).

How then is the court to treat a defendant with an underlying mental condition where he was intoxicated at the time of the offense? *Knott* addressed this question:

> When we combine Congress's statements about voluntary intoxication with its clear intent to narrow the common law definition of insanity, we are persuaded that voluntary intoxication combined with a mental disease will not support an insanity defense under the Act…. We are further persuaded by a principle that runs throughout the insanity defense… A mental disease or defect must be beyond the control of the defendant if it is to vitiate his responsibility for the crime committed. Insanity that is in any part due to a defendant's voluntary intoxication is not beyond his control…. Although neither the statute nor its history directly addresses this combination argument, this circuit has considered it. In *United States v. Burnim*, we determined that when considering an insanity defense, the court must "disregard whatever incapacitating effects were attributable to the voluntary ingestion of alcohol." 576 F.2d 236, 237 (9th Cir. 1978).

*Id*. (some internal citations omitted). In *Garcia*, the Second Circuit approved a jury instruction that neatly threaded the needle: "voluntary substance abuse must not be taken into account in determining whether a severe mental disease or defect exists in the first

5

instance, but where such a disease or defect is found to exist, voluntary substance abuse will not defeat an insanity defense." *Garcia*, 94 F.3d at 61.

   These legal formulations, however neatly drawn, do not always fit squarely within the DSM-IV-TR criteria that lead to a psychiatric diagnosis. Here, ingestion of alcohol may be integral to the underlying mental disease or defect. In his report, Dr. Martinez states that "[i]t appears from the records that there may have been times that the defendant may have experienced some active symptoms of perhaps a schizophrenic-type disorder. These underlying schizophrenic symptoms are exacerbated by his alcohol abuse." *Psychological Forensic Evaluation* at 12 (Docket # 155 Attach. 2). He concludes that, "given, Mr. Sanchez-Ramirez's description of the circumstance (heavy drinking, hearing voices, feeling depressed and suicidal), which let him wanting to purchase a gun to kill himself it is possible that he might not have understood the wrongfulness of his actions due to an alcohol-related psychosis." *Id*. at 13. Asked whether the "mental disease or defect [is] severe," Dr. Martinez responded "[t]he answer to this question is clearly yes." *Id.* However, he also commented that "[t]he condition also presents a diagnostic challenge because comorbid psychotic disorders, such as schizophrenia and bipolar affective disorder, may exist, resulting in the psychosis being attribute to the wrong etiology." *Id*.

   This Court's task at this early stage is to determine whether the doctor will be allowed to testify at all. Viewed in the light most favorable to the Defendant, there is a high probability that a jury could find his underlying psychosis may have been the sole source of any insanity he experienced, independent of any voluntary intoxication. *See Knott*, 894 F.2d at 1122 ("when considering an insanity defense, the court must disregard whatever incapacitating effects were attributable to the voluntary ingestion of alcohol.") (internal

quotation marks omitted); *see also United States v. Garcia*, 94 F.3d 57, 62 (2nd Cir. 1996) ("voluntary substance abuse must not be taken into account in determining whether a severe mental disease or defect exists in the first instance, but where such a disease or defects is found to exist, voluntary substance abuse will not defeat an insanity defense.")  Therefore, the Court will permit the Defendant to go forward with an insanity defense.

Exactly how this defense with this particular diagnosis plays out at trial will depend upon the contours of the expert's trial testimony.  If the doctor's testimony confirms that the Defendant's DSM-IV-TR diagnosis is inseparable from the ingestion of alcohol, the Court, with the assistance of able counsel, will endeavor to explore what appears to be largely uncharted legal territory.

## III.  CONCLUSION

The Court DENIES the Government's Motion *in Limine* to Exclude an Insanity Defense and Mental-Condition Evidence.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2007