UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-71-B-W |
| | ) | |
| COSME SANCHEZ RAMIREZ | ) | |

**ORDER ON MOTION TO REDUCE SENTENCE**

On January 18, 2008, the Court sentenced Cosme Sanchez Ramirez to 180 months in prison for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Docket # 228).[1] On November 30, 2009, Mr. Ramirez moved for reconsideration of the 180 month sentence on several grounds: that although he possessed the firearm, he had not hurt anyone; that his sister in Cuba is sick; that he himself is not in good shape; that he does not want to die in prison; and that he would like to return to Havana to be with his sister and live out his remaining days there. *Mot. to Reduce Sentence* at 2 (Docket # 253). The Government objects. *Gov't's Resp. to Def.'s Mot. to Reduce Sentence* (Docket # 254).

First, Mr. Ramirez should understand that the Court does not have the authority to reduce his sentence below the 180 months it imposed. Mr. Ramirez's guideline sentence range was between 235 and 293 months. *Tr. of Proceedings* at 37:11-13 (Docket # 244). The Court rejected the guideline range and instead imposed a much more lenient sentence of 180 months. *Id.* at 40:12-17. Given Mr. Ramirez's criminal history and his crime, the 180 month sentence was the most lenient the Court could legally impose. *Id.*

---

[1] The Court also imposed a 120 month sentence for making a false statement in connection with the acquisition of a firearm, a violation of 18 U.S.C. § 922(a)(6), and 36 months for impersonating a citizen of the United States, a violation of 18 U.S.C. § 911(3); these sentences run concurrently with the 180 month sentence on the felon in possession conviction.

Mr. Ramirez's 180 month sentence is a mandatory minimum sentence, since he had previously been convicted of three qualifying convictions and was deemed an armed career criminal under 18 U.S.C. § 924(e). The Court concluded in a written opinion that Mr. Ramirez fit the definition of an armed career criminal. *United States v. Ramirez*, No. CR-05-71-B-W, 2007 U.S. Dist. LEXIS 94146 (D. Me. Dec. 21, 2007). On June 30, 2009, the Court of Appeals for the First Circuit affirmed the Court's conclusion. *United States v. Sanchez-Ramirez*, 570 F.3d 75, 81-83 (1st Cir. 2009). Consequently, by operation of 18 U.S.C. § 924(e), Mr. Ramirez was subject to a 180 mandatory minimum sentence and the Court could not legally impose a lower sentence.

Next, even if the Court had the authority to impose a sentence lower than the statutory minimum (which it does not), it could not do so now by motion of the Defendant. "Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." *United States v. Griffin*, 524 F.3d 71 (1st Cir. 2008). Section 3582(c) of title 18 provides that "the court may not modify a term of imprisonment once it has been imposed" unless the case fits within one of the exceptions set forth in that statute. 18 U.S.C. § 3582(c). The exceptions are when

> 1) the Director of the Bureau of Prisons ("BOP") moves for a reduction in the term of imprisonment a) due to extraordinary and compelling reasons or b) because the defendant is at least 70 years old, has served at least 30 years in prison and is no longer a danger to the safety of the community, 2) Fed. R. Crim. Proc. 35 permits modification of the sentence (due to clear error or substantial assistance) and 3) the defendant has been sentenced to a term of imprisonment based on a range that has subsequently been lowered by the Sentencing Commission.

*Morales v. United States*, 353 F. Supp. 2d 204, 205 (D. Mass. 2005) (citing 18 U.S.C. § 3582(c)).

Mr. Ramirez's case does not fall within any of these statutory exceptions. Mr. Ramirez was not given a guideline sentence so the last exception does not come into play. To come

within Rule 35(a), Mr. Ramirez would have to demonstrate "arithmetical, technical, or other clear error" and would have had to file the motion within fourteen days after sentencing. Fed. R. Crim. P. 35(a).[2]  The First Circuit has interpreted the fourteen day provision of Rule 35(a) to impose "a jurisdictional limit on the district court's ability to correct a sentence." *Griffin*, 524 F.3d at 83 (citing *United States v. Fahm*, 13 F.3d 447, 453 (1st Cir. 1994)).  As Mr. Ramirez's motion was not filed within fourteen days after sentencing and does not allege arithmetical, technical or other clear error, he does not fit within Rule 35(a).  To come within Rule 35(b), the Government must make the motion.  Fed. R. Crim. P. 35(b) (stating "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence"); *United States v. Tyler*, 417 F. Supp. 2d 80, 83-84 (D. Me. 2006).  The Government has not made a Rule 35(b) motion for Mr. Ramirez.

Mr. Ramirez really seeks what is sometimes referred to as a "compassionate release." *Morales*, 353 F. Supp. 2d at 205.  He relies on the nature of his crime, his age, his health, his sister's health, and his desire to return to his native land of Cuba as grounds for early release. However, the Court may not award such relief unless the Director of the Bureau of Prisons moves for a reduction in the inmate's sentence.  18 U.S.C. § 3582(c)(1)(A) (stating that "the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment") (emphasis supplied); *Morales*, 353 F. Supp. 2d at 205.   No such motion has been filed in this case, and unless the Director of the Bureau of Prisons moves for a compassionate release in accordance with the statute, the Court is not authorized to grant his request for reduction.

The Court DENIES the Defendant's Motion to Reduce Sentence (Docket # 253).

---

[2] As of October 27, 2008, when Mr. Ramirez was sentenced, Rule 35(a) contained a seven-day time limit.  The Rule 35(a) time limit was amended effective December 1, 2009 to expand the time to fourteen days.  Under either version, the Rule 35 time period lapsed long ago.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 4th day of January, 2010