UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   1:05-cr-00071-JAW |
| | ) |
| COSME SANCHEZ RAMIREZ | ) |

## ORDER ON MOTION TO SUSPEND RESTITUTION OR FINE

Cosme Sanchez Ramirez moves *pro se* to have the $300 special assessment suspended citing his inability to pay and the interest of justice.[1] *Mot.* at 1.  On July 3, 2007, after a bench trial, the Court found Mr. Ramirez guilty of violating 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm; 18 U.S.C. § 922(a)(6), False Statement in Acquisition of a Firearm; and 18 U.S.C. § 911, False Claim of Citizenship.  *United States v. Ramirez*, 495 F. Supp. 2d 92 (D. Me. 2007); *J.* at 1 (Docket # 228).  At sentencing, the Court imposed a mandatory special assessment of $100 for each of the three felonies pursuant to 18 U.S.C. § 3013(a)(2)(A), and ordered that any amount of the $300 total that Mr. Ramirez could not pay immediately was to be paid during the 180-month term of incarceration with the post-release balance payable in monthly installments during the 60-month period of supervised release.  *J.* at 1–2, 6.  On June 30, 2009, the First Circuit Court of

---

[1] Mr. Ramirez' motion, as titled, is directed towards any restitution or fine.  The motion itself seeks suspension of "the restitution in the amount of $ 300.00 dollars."  *Mot. to Suspend Restitution Fine or Both Pursuant to Fed. Rules of Criminal Procedure 18 U.S.C. 3664(a)* at 1 (Docket # 284) (*Mot.*).  Mr. Ramirez' sentence included neither an order of restitution nor a fine, but did include a $300 special assessment, which must be the target of Mr. Ramirez' motion.

Appeals affirmed the conviction and sentence. *United States v. Ramirez*, 570 F.3d 75, 83 (1st Cir. 2009).

Mr. Ramirez' motion is premised on his alleged inability to pay the special assessment. *Movant's Reply to the Gov't's Objection to Suspend Restitution Fine or Both Pursuant to Fed. Rules of Criminal Procedure 18 U.S.C. 3664(a)* at 1–2 (Docket # 290) (*Reply*). Even without addressing the substance of his argument, however, the Court dismisses the motion as premature since Mr. Ramirez must first attempt to resolve his inability to pay through administrative channels before seeking judicial relief. *See* 28 C.F.R. §§ 571.50–571.54; *Ortiz-Casanova v. United States*, No. 93-2094, 1995 WL 301734, at *2 (1st Cir. May 18, 1995); *United States v. Levy*, 897 F.2d 596, 598 (1st Cir. 1990); *Cooper v. United States*, No. 88-5217, 1988 WL 86124, at *1 (6th Cir. Aug. 18, 1988). Furthermore, Mr. Ramirez lacks standing to contest the assessment since the harm he faces from future non-payment of the assessment is "at the moment, 'a merely hypothetical injury.'" *Levy*, 897 F.2d at 598 (1st Cir. 1990) (quoting *United States v. Hewes*, 729 F.2d 1302, 1325 (11th Cir. 1984)). "There is no indication . . . that the government has attempted or will attempt to collect the special assessment while [Mr. Ramirez] lacks the ability to pay." *United States v. Rivera-Velez*, 839 F.2d 8, 8 (1st Cir. 1988); *accord Ortiz-Casanova*, 1995 WL 301734, at *2; *United States v. Luongo*, 11 F.3d 7, 10 n.7 (1st Cir. 1993); *Levy*, 897 F.2d at 598.

Even setting aside the procedural flaws, each of which is fatal, the Court would deny the motion on substantive grounds. Mr. Ramirez claims indigence, yet

also acknowledges his receipt of $16 per month through his prison job, and that his income is supplemented "[e]very now and then [by] a relative." *Reply* at 1. He says that he is unable to pay the assessment and "is also suffering under hardship of financial responsibility," *id.* at 2, yet admits to spending his income at the commissary. Mr. Ramirez has not shown he is unable to pay the assessment, and his argument is controverted by his recent enrollment in the Bureau of Prisons' Inmate Financial Responsibility Program, which helps inmates develop a financial plan to meet their financial obligations. *See Cooper*, 1988 WL 86124, at *1 ("In this case, plaintiff is able to pay the assessment, as he is participating in the prison's Financial Responsibility Program.").

The Court DISMISSES without prejudice Cosme Sanchez-Ramirez' Motion to Suspend Restitution Fine or Both (Docket # 284).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2011