UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COSME SANCHEZ RAMIREZ,   )| |
| )| |
| Movant,   )| |
| )| |
| v.   )| 1:05-cr-00071-JAW |
| )| 1:10-cv-00130-JAW |
| )| |
| UNITED STATES OF AMERICA,   )| |
| )| |
| Respondent   )| |

**<u>RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION</u>**

Cosme Sanchez Ramirez was convicted of offenses involving his unlawful possession of a firearm and making a false statement in connection with the attempted acquisition of a firearm, in violation of provisions of 18 U.S.C. § 922, and making a false claim of citizenship, in violation of 18 U.S.C. § 911.  See United States v. Sanchez-Ramirez, 570 F.3d 75, 77 (1st Cir. 2009).  Following denial of his direct appeal, Sanchez Ramirez filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255.  (ECF No. 262.)  This court denied the motion on its merits, (ECF No. 277) and denied a certificate of appealability.  Sanchez Ramirez began an appeal of that decision.  On March 1, 2011, the First Circuit Court of Appeals dismissed the appeal pursuant to Fed. R.App.P. 42(b) after construing Sanchez Ramirez's February 1, 2011, letter to that court as a pro se motion for voluntary dismissal.  (ECF No. 285.)  Approximately a week later Sanchez Ramirez filed an unsigned motion to proceed in forma pauperis on appeal in this court.  On March 10, 2011, I entered an order giving Sanchez Ramirez until March 24, 2011, to explain what relief he sought in his unsigned motion.  (See ECF No. 289.)  On March 21, 2011, Sanchez Ramirez filed a response indicating that he wanted this court to vacate the judgment and mandate entered by the First Circuit Court of Appeals and reinstate his appeal.

(ECF No. 291.) On April 8, 2011, I entered an order explaining that this court could not reinstate his appeal in the court of appeals; that type of relief, if it came at all, would have to come from the court of appeals itself. Ultimately the defendant requested that this court reopen its own judgment in his Section 2255 petition. The presiding judge denied his request, denied a certificate of appealability, and denied a motion for reconsideration, the last event occurring on December 11, 2012. Sanchez Ramirez filed an appeal of the decision denying his request to reopen. Ultimately the Court of Appeals denied a certificate of appealability (ECF No. 312), effectively terminating Sanchez Ramirez's appeals and attempts to reopen to the original Section 2255 merits decision which had denied relief.

On October 24, 2013, almost one year after the previous activity, Sanchez Ramirez filed another motion to vacate his judgment. (ECF No. 320.) This time he asserts a right to relief under the newly minted United States Supreme Court decisions, Alleyne v. United States, 133 S. Ct. 2151 (2013) and Descamps v. United States, 133 S. Ct. 2276 (2013). However, the pending motion constitutes a "second or successive motion" under 28 U.S.C. § 2244, and consequently this court lacks jurisdiction to entertain the motion, pursuant to 2244(b)(3)(A), which provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also First Circuit Local Rule 22.1. The pending motion attacks the same amended criminal judgment as the first motion did, and the first motion terminated with a judgment on the merits. See United States v. Barrett, 178 F.3d 34, 43 (1st Cir. 1999) ("[A] numerically second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits.") (quoting Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997) (quotation marks omitted)). None

of the reasons for determining that a motion is not "second or successive" applies here.  See id. at 43-44.

Until the Court of Appeals authorizes this court to determine the matter, this court does not have jurisdiction to decide whether Alleyne constitutes a new rule that is to be applied retroactively to a second or successive petition.  Section 2244(b)(3) deprives this court of jurisdiction to make such a determination at this point in the litigation.  See Pratt, 129 F.3d at 57.  Rather, the statute grants jurisdiction instead to the Court of Appeals, and requires a prima facie showing before the Court of Appeals may authorize the district court to consider a second or successive motion.  "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  28 U.S.C. §2244(b)(3)(C).  Accordingly I recommend that this court summarily dismiss this petition.

## Conclusion

For the reasons stated above, no evidentiary hearing is warranted under Rule 8 of the Rules Governing Section 2255 Cases, and I recommend that the Court deny Sanchez Ramirez's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

   Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                 /s/ Margaret J. Kravchuk
                 U.S. Magistrate Judge

November 7, 2013