UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05-cr-00071-JAW |
| | ) | |
| COSME SANCHEZ RAMIREZ | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On November 7, 2013, the Magistrate Judge filed with the Court her Recommended Decision. *Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 323). Mr. Sanchez Ramirez filed his objections to the Recommended Decision on November 20, 2013. *Def.'s Objection to Recommended Decision of Magistrate Judge* (ECF No. 276). The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. The Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision. The Court determines no further proceeding is necessary.

In this Court's view, the Magistrate Judge's Recommended Decision is correct for the procedural reasons she described in detail. However, as Mr. Sanchez Ramirez is incarcerated for a fifteen-year mandatory minimum, he might find a purely procedural explanation unsatisfying. Therefore, the Court observes that, if it reached the merits of his motion, Mr. Sanchez Ramirez's motion would fail.

Mr. Sanchez Ramirez contends that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), invalidates his fifteen year mandatory minimum sentence. But the Court found Mr. Sanchez Ramirez guilty of possession of a firearm by a felon and, as he had been convicted of three prior burglaries, it concluded that he was subject to a fifteen-year mandatory minimum prison term under the Armed Career Criminal Act (ACCA).[1] 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(e)(1). Even if *Alleyne* is deemed retroactive, a question not yet answered in the First Circuit, Mr. Sanchez Ramirez would not benefit from its application.[2] This is because, unlike a factually-based sentencing enhancement that leads to the imposition of a mandatory minimum statutory sentence, whether a prior crime is a predicate felony under the ACCA is a matter of law, not fact. As the First Circuit wrote, the *Alleyne* Court "stated that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), remains good law." *United States v. Carrigan*, 724 F.3d 39, 51 n.4 (1st Cir. 2013). The First Circuit has explained that in *Almendarez Torres*, "the Supreme Court found that, where 'the relevant statutory subject matter is recidivism[,]' which 'is typical a sentencing factor as one might imagine[,]' a crime is not being defined and, therefore, the fact of the prior conviction need not be mentioned in the indictment nor submitted to the

---

[1]      The Court also found Mr. Sanchez Ramirez guilty of making a false statement in acquisition of a firearm, a violation of 18 U.S.C. § 922(a)(6), and of making a false claim of citizenship, a violation of 18 U.S.C. § 911. *United States v. Sanchez Ramirez*, 495 F. Supp. 2d 92 (D. Me. 2007) (Findings of Fact and Conclusions of Law). However, the ACCA does not apply to either of these convictions. *See* 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . ., such person shall be . . . imprisoned not less than fifteen years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)").

[2]      The First Circuit may shortly be presented with the issue. On December 18, 2013, Judge D. Brock Hornby ordered a certificate of appealability to issue on a case that raises the question of whether *Alleyne* is retroactive. *United States v. Butterworth*, 2:06-CR-62-DBH; 2:13-CV-282-DBH, 2013 U.S. Dist. LEXIS 177574, * 1-2 (D. Me. Dec. 18, 2013).

jury." *Id.* (quoting *Almendarez-Torres*, 523 U.S. at 230). Thus, "the sentence imposed on [the defendant] pursuant to the ACCA was based on a determination of a sentencing factor, not a determination of an element of an offense." *Id.* As a consequence, even if *Alleyne* is deemed retroactive (which it may not be), Mr. Sanchez Ramirez would not have been entitled to have the prior qualifying convictions listed in the indictment and put before a jury for resolution as a question of fact.

At the sentencing hearing, the Court determined as a matter of law that at least three of his previous felony convictions for burglary qualified as ACCA predicates. *United States v. Sanchez Ramirez*, CR-05-71-B-W, 2007 U.S. Dist. LEXIS 94146 (D. Me. Dec. 21, 2007). On June 30, 2009, the First Circuit upheld these sentencing determinations. *United States v. Sanchez Ramirez*, 570 F.3d 75, 81-83 (1st Cir. 2009). In his latest motion, Mr. Sanchez Ramirez has not challenged his underlying convictions; he has only challenged the legal significance of his prior convictions and the Court's legal conclusion that three of them qualified as predicate felonies for purposes of the ACCA. As such, the Supreme Court's teaching in *Alleyne* about the right to a jury trial for factual determinations that result in a mandatory minimum sentence does not apply here.

For the reasons in the Magistrate Judge's Recommended Decision and the reasons set forth herein, the Court overrules Cosme Sanchez Ramirez's objection to the Recommended Decision of the Magistrate Judge and AFFIRMS the Magistrate Judge's Recommended Decision (ECF No. 323). The Court further DENIES the

Motion to Vacate, Set Aside or Correct Sentence (2255) (ECF No. 320).  Following his objection, Mr. Sanchez Ramirez filed a motion to appoint counsel.  *Def.'s Mot. to Appoint Counsel* (ECF No. 325).  The Court DENIES that motion.  *See United States v. Allen*, 1:03-cr-00058-JAW, 2013 U.S. Dist. LEXIS 105490 (D. Me. Jul. 29, 2013).

It is also ORDERED that a certificate of appealability shall not issue in the event Cosme Sanchez Ramirez files a notice of appeal because there has been no substantial showing of a denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 2nd day of January, 2014