UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05-cr-00071-JAW |
| | ) | |
| COSME SANCHEZ RAMIREZ | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On January 2, 2014, the Court affirmed the Recommended Decision of the Magistrate Judge and denied Cosme Sanchez Ramirez's Motion to Vacate, Set Aside or Correct Sentence and his Motion to Appoint Counsel. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No 326) (*Order*). On January 13, 2014, using highly provocative language, Mr. Sanchez Ramirez moved for reconsideration. *Mot. for Recons.* (ECF No. 327). Mr. Sanchez Ramirez's original motion requested that the Court grant relief on the ground that the United States Supreme Court cases of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), require that a jury determine whether his prior convictions were proper predicate felonies under the Armed Career Criminal Act (ACCA). *Mot. to Vacate, Set Aside or Correct Sentence (2255)* (ECF No. 320). The Magistrate Judge concluded that Mr. Sanchez Ramirez's petition was procedurally barred. *Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 323) (*Recommended Decision*). Mr. Sanchez Ramirez objected to the Recommended Decision. *Def.'s Objection to Recommended Decision of the Magistrate Judge* (ECF No. 324). The Court agreed with the Magistrate Judge's

Recommended Decision but also noted that if the merits of Mr. Sanchez Ramirez's motion were reached, the result would be the same. *Order* at 1-4.

In his motion for reconsideration, Mr. Sanchez Ramirez asserts that the Court erred in its Order by failing to rule in his favor on the basis of *Descamps*. *Mot. for Recons.* at 1-4. He argues that under *Descamps*, his prior convictions were not violent felonies for purposes of the ACCA. *Id.* Mr. Sanchez Ramirez also attaches a synopsis of a recent Eleventh Circuit decision, *Bryant v. Warden*, No. 12-11212, 2013 U.S. App. LEXIS 25606 (11th Cir. Dec. 24, 2013). In *Bryant*, an incarcerated inmate filed a 28 U.S.C. § 2241 habeas petition, claiming that an earlier sentencing determination that a Florida state conviction for carrying a concealed weapon was a violent felony under the ACCA was eclipsed by a later United States Supreme Court decision, *Begay v. United States*, 553 U.S. 137 (2008). The Eleventh Circuit ruled that the petition was not barred, because the petitioner had satisfied the savings clause's requirements in 28 U.S.C. § 2255(e). *Bryant*, 2013 U.S. App. LEXIS at \*3-4. Mr. Sanchez Ramirez maintains that, like *Bryant*, the Court may reach his *Descamps* argument under the savings clause. Finally, Mr. Sanchez Ramirez filed an addendum to his motion on January 17, 2014, contending that *Wood v. Milyard*, 132 S. Ct. 1826 (2012), also "control[s] this court and its decisions." *Addendum to Mot. for Recons.* (ECF No. 328).

Looking past Mr. Sanchez Ramirez's hyperbolic language, his motion for reconsideration must fail.[1] First, the Magistrate Judge's Recommended Decision

---

[1] Mr. Sanchez Ramirez describes the Court's affirmance of the Magistrate Judge's Recommended Decision as "an absolute travesty of justice," asserts that the Court has "dishonored

2

and this Court's de novo determination affirming that recommended decision encompassed Mr. Sanchez Ramirez's asserted right to relief under *Descamps*. *Recommended Decision* at 2-3; *Order* at 1, 3-4.

Next, the same legal question Mr. Sanchez Ramirez now raises—whether his prior state convictions were violent felonies—was raised on appeal to the First Circuit, and the First Circuit ruled against him.[2] *United States v. Sanchez Ramirez*, 570 F.3d 75, 81-83 (1st Cir. 2009). The Court does not conclude that the Supreme Court case of *Descamps* allows for reconsideration of the First Circuit decision based on intervening Supreme Court authority, under the savings clause in § 2255(e), because *Descamps* does not allow any relief to Mr. Sanchez Ramirez. In *Descamps*, the Supreme Court distinguished between so-called "divisible" and "indivisible" statutes, a "divisible" criminal statute being "[t]hat kind of statute set[ting] out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile." *Descamps*, 133 S. Ct. at 2281 (emphasis in original). For these "divisible" statutes, the *Descamps* Court reiterated that a sentencing court may look beyond the statute and review *Shepard*[3] documents "to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Id.* at 2284. The Supreme Court concluded that a sentencing court should not resort to *Shepard* documents for "indivisible"

---

its oath," demands that the Court "not allow itself to be made an accomplice in a wilful disobedience of law," and urges the Court to apply "the best of laws, those of your betters, the Supreme Court of the United States." *Mot. for Recons.* at 1-4.

[2] The Court addressed the *Alleyne* issue in its affirmance and Mr. Sanchez Ramirez has not moved for reconsideration of that part of the Court's Order.

[3] *Shepard v. United States*, 544 U.S. 13 (2005).

3

statutes, where "no uncertainty of that kind exists." *Id.* at 2286. *Descamps*, therefore, potentially affects the subset of ACCA determinations where the sentencing court, though faced with an indivisible statute, examined *Shepard* documents to determine whether the state crime fit within the ACCA definition of a violent felony.

As it turns out, the Florida burglary statute under which Mr. Sanchez Ramirez was thrice convicted of burglary is a divisible statute, because it criminalized the "entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense, therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." FL. STAT. § 810.02(1) (1994). As this Court pointed out in 2007, "[t]he inclusion of conveyances, which Florida law defined as 'any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car,' makes section 810.02 broader than the generic definition of burglary, which is limited to a building or structure." *United States v. Sanchez Ramirez*, No. CR-05-71-B-W, 2007 U.S. Dist. LEXIS 94146, *7 (D. Me. Dec. 21, 2007). In short, because Mr. Sanchez Ramirez was convicted of burglary under a divisible state burglary statute, *Descamps* does not apply to his case. As *Descamps* does not implicate the First Circuit's conclusion in *Sanchez Ramirez*, Mr. Sanchez Ramirez is not entitled to challenge, in a § 2241 or § 2255 petition, the same legal issue previously raised and resolved against him by the First Circuit. 28 U.S.C. § 2255(e); *see Descamps*, 133 S. Ct. at 2283-86; *Sanchez Ramirez*, 570 F.3d at 82-83.

4

Finally, turning to Mr. Sanchez Ramirez's addendum, by referring the Court to *Wood*, Mr. Sanchez Ramirez seems to be contending that the Court erred in concluding that his claim was procedurally barred.[4] *Wood*, however, does not assist Mr. Sanchez Ramirez. There, the Supreme Court reversed the Tenth Circuit's sua sponte decision to raise on appeal the timeliness of a habeas petition and then dismiss the petition as untimely, after the Government had expressly declined to oppose the petition on this ground before the district court. *Wood*, 132 S. Ct. at 1829, 1834-35. Here, the Government has never "deliberately steered the District Court away from the question and towards the merits" of the habeas petition, and in fact this Court addressed the merits of Mr. Sanchez Ramirez's motion, both in the previous Order and in this Order. *Wood* does not assist Mr. Sanchez Ramirez.[5]

The Court DENIES Cosme Sanchez Ramirez's Motion for Reconsideration. (ECF No. 327).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of January, 2014

---

[4] The Court says "seems to be" because Mr. Sanchez Ramirez simply cites *Wood v. Milyard* as controlling but does not explain why.

[5] *Wood v. Milyard* does not apply here for two other reasons. First, the procedural issue in *Wood* was a statute of limitations defense. 132 S. Ct. at 1829. Here, by contrast, the procedural issue is jurisdictional—the Magistrate Judge concluded that the Court of Appeals, not the district court, has jurisdiction to make a preliminary determination on Mr. Sanchez Ramirez's petition. *Recommended Decision* at 2-3. Second, in a case where the parties had agreed that the petition was not procedurally barred and the district court had reached the merits, the *Wood* Court addressed whether the Court of Appeals was justified in concluding that the petition was nevertheless procedurally barred and concluded that it was not. *See* 132 S. Ct. at 1835. That analysis does not implicate the law that a district court must apply in addressing habeas petitions.